E-FILED
Monday, 24 September, 2012  01:05:00 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JONATHAN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3197 |
| | ) | |
| SANGAMON COUNTY JAIL and | ) | |
| OFFICER SHYERIL UNDERWOOD | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in Sangamon County Jail, pursues claims arising from an attack on him by another inmate. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(*citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

On July 19, 2012, Defendant Underwood allegedly put a known enemy of Plaintiff in Plaintiff's cell, without first ensuring that the placement was safe.  The enemy assaulted Plaintiff, breaking Plaintiff's nose and giving Plaintiff a black eye.  Officer "Piphen" (illegible in Complaint) and Lieutenant Smith allegedly ignored Plaintiff's pleas for medical attention.

Plaintiff states an arguable constitutional claim against Defendant Underwood for failing to protect Plaintiff from a known and substantial

risk of serious injury.  <u>Shields v. Dart</u>, 664 F.3d 178, 181 (7th Cir. 2011)("To prove deliberate indifference, [the plaintiff] needed to show that the defendants knew of a substantial risk of serious injury to him and failed to protect him from that danger.").

Plaintiff also states an arguable constitutional claim against Defendants Piphen and Smith for refusing to take Plaintiff for medical care after the assault.  "[A] delay in the provision of medical treatment for painful conditions—even non-life-threatening conditions—can support a deliberate-indifference claim, . . . , so long as the medical condition is 'sufficiently serious or painful.'" <u>Grieveson v. Anderson</u>, 538 F.3d 763, 779 (7th Cir. 2008)(quoted and other cites omitted).  In <u>Grieveson v. Anderson</u>, the Seventh Circuit reversed a grant of summary judgment to the defendants on a prisoner's claim arising from a one and one-half day delay in obtaining medical care for the prisoner's broken nose.

Plaintiff does not list Piphen and Smith as Defendants, but his allegations make clear that he is complaining of their conduct.

4

Accordingly, Piphen and Smith will be added as Defendants. The Court is not sure if "Piphen" is the correct name, as the Complaint is only partially legible. Plaintiff should file the correct name in order to facilitate service.

Plaintiff sues the Sangamon County Jail, but the Jail is not a "person" or entity amenable to suit under 42 U.S.C. § 1983. *See* Powell v. Cook County Jail, 814 F.Supp. 757 (N.D.Ill.1993). Accordingly, the Jail will be dismissed.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for October 1, 2012, is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims: 1) Defendant Underwood was deliberately indifferent to a known and substantial risk of serious harm to Plaintiff from an assault by another inmate; 2) Defendants Piphen and Smith were deliberately indifferent to Plaintiff's need for medical attention

following the assault.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The clerk is directed to add Correctional Officer Piphen and Lieutenant Smith as Defendants.

3) Sangamon County Jail is dismissed as a Defendant.

4) By October 4, 2012, Plaintiff shall file the correct and full names for Defendants Piphen and Smith, if known.

5) After October 4, 2012, the Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

6)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule

6

of Civil Procedure 4(d)(2).

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

9) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a

7

certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

10) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2012, at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

12) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

13)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: September 24, 2012

FOR THE COURT:

s/Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE